IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SIR ALLEN PEGUES, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| VS. | ) | CIVIL ACTION |
| | ) | FILE NO.: |
| ICAFS, INC. d/b/a GENERAL SERVICES | ) | |
| CORPORATION, AND TIVOLI II, L.L.C. | ) | |
| | ) | |
| DEFENDANTS. | ) | |
| | ) | |

## PLAINTIFF'S INITIAL DISCLOSURES

Pursuant to Federal Rule of Civil Procedure 26(a)(1), and N.D.Ga. Local Rule 26.1, Plaintiff submits the following Initial Disclosures.

*1.  State precisely the classification of the cause of action being filed, a brief factual outline of the case including Plaintiffs' contentions as to what Defendant did or failed to do, and a succinct statement of the legal issues in the case.*

**RESPONSE:**

In this civil action Plaintiff claims the management and ownership of an apartment complex at which he used to reside, Regency Square, discriminated against him on the basis of his disability by denying him reasonable accommodations which were necessary to afford him an equal opportunity to use

and enjoy his rental dwelling.  Specifically, Plaintiff contends Defendant refused to provide Plaintiff with handicap-accessible bars in the restroom in his unit, and also refused to provide him with a handicap-accessible stove in the kitchen in his unit, despite Plaintiff's requests for the same.

Plaintiff expects the legal issues involved in this case to include whether Plaintiff requested Defendant provide the aforementioned accommodations, whether said requests were reasonable and not unduly burdensome on Defendant, and the extent of actual damages as well as punitive damages and attorneys' fees.

*2.  Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which Plaintiff contends are applicable to this action.*

**RESPONSE:**

Plaintiff alleges the conduct at issue is a violation of the Rehabilitation Act of 1973, the Federal Fair Housing Act and the Georgia Fair Housing Act.  Plaintiff further alleges Defendant's conduct provides Plaintiff with a right of action under Georgia common law for intentional infliction of emotional distress.  Each will be discussed in turn below.

### The Rehabilitation Act of 1973

§504 of The Rehabilitation Act of 1973, as amended 29 U.S.C. § 794, is a civil rights law.  It is designed to protect individuals with disabilities from

discrimination based on their disability status. The requirements of said code section apply to organizations that receive federal financial assistance. The statute is intended to prevent intentional or unintentional discrimination based on a person's disability. Said code section states

> "*No otherwise qualified individual with a disability in the United States...shall, solely by reason of her or his disability, be excluded from participation in, be denied the benefits of , or be subjected to discrimination under any program or activity receiving Federal financial assistance.*" *29 U.S.C. § 794(a).*

Subsection (2)(a) of Code Section 29 U.S.C. § 794a, entitled "Remedies and attorney's fees," states in pertinent part:

> "*The remedies, procedures, and rights set forth in title VI of the Civil Rights Act of 1964(42 U.S.C. 2000d et seq.) (and in subsection (e)(3) of 706 of such Act (42 U.S.C. 2000e-5)), applied to claims of discrimination in compensation) shall be available to any person aggrieved by any act or failure to act by any recipient of Federal Assistance or Federal provider of such assistance under section 504 of this act [29 U.S.C § 794]." 29 U.S.C. § 794a.*

To that end, 42 U.S.C. 2000e-5, *et seq*, authorizes any relief authorized by 42 U.S.C. 1981a, and also authorizes the award of reasonable attorney's fees to the prevailing party with any such award to be made in the discretion of the court. *42 U.S.C. 2000e-5(e)(3)(B); 42 U.S.C. § 2000e-5(k).* 42 USC § 1981a(a)(1) authorizes a complaining party to recover compensatory and punitive damages. *42 U.S.C. § 1981a(a)(1).* 42 U.S.C. § 1981a(b)(1) permits a complaining party to recover punitive damages against a respondent if the "party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with

3

malice or with reckless indifference to the federally protected rights of an aggrieved individual." *42 U.S.C. § 1981a(b)(1)*.  Subsection (b)(3) of 42 U.S.C. § 1981a authorizes an aggrieved party to recover compensatory damages for pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses." *42 U.S.C. §1981a(b)(3)*.

### The Federal Fair Housing Act

Federal Fair Housing Act provision, 42 U.S.C. § 3604(f)(1), makes it unlawful to "discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap." *42 U.S.C. § 3604(f)(1)*. 42 U.S.C. § 3604(f)(3)(B) defines "discrimination" under the FFHA as "a refusal to make reasonable accommodations in rules, policies, practices or services when such accommodations may be necessary to use an enjoy a dwelling." *42 U.S.C. § 3604(f)(3)(B)*.    "Actions under the Fair Housing Act allow for recovery of actual damages, including those for mental anguish." <u>Davis v. Lane Mgmt.</u>, LLC 524 F. Supp .2d 1375 (citing <u>HUD v. Blackwell</u>, 908 F.2d 864, 872-873 (11th Cir. 1990)(Plaintiff may recover damages for *"embarrassment, humiliation, and emotional distress")*.   "The court may infer these damages from the circumstances surrounding the situation." <u>Id</u>.  42 U.S.C. § 3613(c) expressly authorizes punitive damages and attorney's fees for a prevailing plaintiff." *42 U.S.C. § 3613(c)*.   "Punitive damages may be granted if a defendant exhibits a

4

callous indifference to the federally protected rights of the plaintiff. *Davis v. Lane Mgmt., LLC* 524 F. Supp .2d 1375; (citing *Ferrill v. Parker Group, Inc.*, 168 F.3d 468, 476 (11 Cir. 1999)(Citing *Smith v. Wade*, 461 U.S. 30, 46-47, 103 S. Ct. 1625, 75 L. Ed. 2d. 632 (1982))).

### Georgia's Fair Housing Act

Georgia's Fair Housing Act is intended to "provide for execution in the state of the policies embodied in Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988." O.C.G.A. § 8-3-200(b)(1). The express purpose of the act is to:

> *"safeguard all individuals from discrimination in any aspect relating to the sale, rental, or financing of dwellings or in the provision of brokerage services or facilities in connection with the sale or rental of a dwelling because of that individual's race, color, religion, sex, disability or handicap, familial status, or national origin."* O.C.G.A. § 8-3-200(b)(1); O.C.G.A. § 8-3-200(b)(2).

Georgia code section 8-3-202(a)(1) makes it unlawful to "discriminate against any person in the terms, conditions, or privileges of the sale or rental of a dwelling...because of...[a] disability." *O.C.G.A. § 8-3-202(a)(1).* Georgia law defines "discrimination" as "a refusal to make reasonable accommodations in rules, policies, practice, or services when such accommodations may be necessary to afford such person an equal opportunity to use and enjoy a dwelling." *O.C.G.A. § 8-3-202(a)(7)(B)(ii).* Subsection (a)(1) of Georgia code section 8-3-217 authorizes a private cause of action for aggrieved individuals if brought within two (2) years

of the alleged discriminatory housing practice.  *O.C.G.A. § 8-3-217(a)(1)*.  The act authorizes the award of reasonable attorney's fees, actual damages and punitive damages as set out below:

> *(b)(1) The court...may award to the plaintiff reasonable attorney's fees, court costs, actual damages, and punitive damages not to exceed penalties permitted by the federal Fair Housing Amendments Act of 1988, 42 U.S.C. Section 3601, et seq., as amended. Punitive damages may be awarded under this article only when the evidence shows that the respondent's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences or to the rights of the aggrieved party. O.C.G.A. § 8-3-217(b)(1).*

### Intentional Infliction of Emotional Distress

Under Georgia law, to prevail on a claim of intentional infliction of emotional distress an aggrieved party "must present evidence demonstrating that the alleged conduct was (1) intentional or reckless; (2) extreme and outrageous; and (3) the cause of severe emotional distress."  <u>Wilcher v. Confederate Packaging, INC. et al</u>.  *287 Ga. App. 451 (2007)(citing* <u>Bridges v. Winn-Dixie Atlanta</u>*, 176 Ga. App. 227, 230(1), 335 S.E.2d 445 (1985))*.  "The existence of a special relationship between the parties...may make otherwise non-egregious conduct outrageous and actionable.  <u>Trimble v. Circuit City Stores</u>*, 220 Ga. App. 498, 469 S.E.2d 776 (1996)*.  Punitive and compensatory damages may be recovered in an action for intentional infliction of emotional distress.  *O.C.G.A. § 51-12-5.1;* <u>Southeastern Security Ins. Co. v. Hotle</u>*, 222 Ga. App. 161, 473 S.E.2d 256 (1996)*.  Subsection

(f) of Georgia code section § 51-12-5.1, entitled "Punitive damages," states in pertinent part:

> *"In a tort case in which the cause of action does not arise from product liability, if it is found that the defendant acted, or failed to act, with the specific intent to cause harm...there shall be no limitation regarding the amount which may be awarded as punitive damages against an active tort-feasor but such damages shall not be the liability of any defendant other than an active tort-feasor."  O.C.G.A. § 51-12-5.1(f).*

*3.     Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information.*

**RESPONSE:**  See witness list attached hereto as "Attachment A".

*4.     Provide the name of any person who may be used at trial to present evidence under Rules 702, 703 or 705 of the Federal Rules of Evidence.  For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.  (Attach expert witness lists and written reports to Responses to Initial Disclosures as "Attachment B".)*

**RESPONSE:**  None for Plaintiff.

*5.     Provide a copy of, or a description by category and location of, all documents, data, compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for*

*impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)*

*6.     In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)*

**RESPONSE:**  Plaintiff will seek compensatory, or actual damages for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses. The amount of any such award is left to the enlightened conscience of a fair and impartial jury. Plaintiff will also seek an award of punitive damages against Defendant, and an award of attorneys' fees and litigation expenses against all Defendants.

*7.     Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this*

*action or to indemnify or reimburse for payments made to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as "Attachment E.")*

**RESPONSE:** None of which Plaintiff is aware.

*8.    Disclose the full name, address and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in Plaintiff's cause of action and state the basis and extent of such interest.*

**RESPONSE:** None known to Plaintiff.

Dated: August 13, 2013

                                              Respectfully Submitted,

                                              /s/ James L. Ford, Sr.
                                              James L. Ford, Sr.
                                              Georgia Bar No.: 268050

JAMES LEE FORD, P.C.
A Professional Corporation
6111 Peachtree Dunwoody Road
Suite 100 Building G
Atlanta, Georgia 30328
Telephone: (678) 281-8750
jlf@jlfordlaw.com

                                              s/ Mitchell E. McGough
                                              Mitchell E. McGough
                                              Georgia Bar No. 460942
                                              *Attorneys for the Plaintiff*

The Hughes Firm
Two Decatur Town Center
125 Clairmont Ave., Suite 230
Decatur, Georgia 30030
Telephone: (404) 373-3458
                    memcgough@gmail.com

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SIR ALLEN PEGUES, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| VS. ) | CIVIL ACTION |
| ) | FILE NO.: |
| ICAFS, INC. d/b/a GENERAL SERVICES ) | |
| CORPORATION, AND TIVOLI II, L.L.C. ) | |
| ) | |
| DEFENDANTS. ) | |
| ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on August 13, 2013, I electronically filed *Plaintiff's Initial Disclosures* with the Clerk of Court using the CM/ECF and I hereby certify that I have mailed by United States Postal Service the document to the following:

ICAFS Inc.
Corporation Service Company
40 Technology Parkway South, Suite 300
Norcross, Georgia 30092

Tivoli, II, LLC
1 Cedar Run, Apt. 1
Atlanta, Georgia 30350

J. Mike Williams, Esq.
2970 Clairmont Road, Suite 220
Atlanta, GA 30329-4414

Dated: August 13, 2013

                                                 Respectfully Submitted,

                                                 /s/ James L. Ford, Sr.
                                                 James L. Ford, Sr.
                                                 Georgia Bar No.: 268050